UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD BRENT THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>K. KAUR, et al.,<br><br>Defendants. | No. 2:16-cv-2784-JAM-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion to compel (ECF No. 31) which seeks the production of a drug test conducted at San Joaquin General Hospital on October 21, 2015. Defendants have filed an opposition wherein they state that: (1) plaintiff's discovery requests failed to identify this document with sufficient specificity; and (2) they have already provided the document in question. ECF No. 34. The court credits the second argument and denies the motion on that basis.

I. <u>Legal Standards</u>

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are

1

alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

II. Analysis

Plaintiff's motion to compel is limited to a single document – a drug test conducted in October of 2015 at San Joaquin General Hospital. Defendants have attached a copy of that document to their opposition (ECF No. 34-4 at 2-3) and their counsel has filed a declaration stating that this document was sent to plaintiff (ECF No. 34-1 at 1-2). Plaintiff has not filed a reply disputing either the relevance of the provided document or the contention that it was sent to him. Accordingly, the court finds that there is no longer any material dispute between the parties as to this issue.

III. Conclusion

Based on the foregoing, plaintiff's motion to compel (ECF No. 31) is DENIED as moot.

DATED: June 28, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE