UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD BRENT THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. KAUR, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-2784-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that the defendants violated his Eighth Amendment rights by exhibiting deliberate indifference toward his serious medical needs. Defendants have moved for summary judgment (ECF No. 37) and argue that: (1) they were not deliberately indifferent to plaintiff's serious medical needs; and (2) they are entitled to qualified immunity. Plaintiff has filed an opposition (ECF No. 40), and defendants have filed a reply (ECF No. 45). After filing the reply, defendants filed evidentiary objections and a motion to strike the evidence plaintiff submitted in opposition to the motion for summary judgment. ECF No. 46. Subsequently, plaintiff filed a surreply (ECF No. 49), an opposition to defendants' motion to strike (ECF No. 50), and a filing titled "Exhibits" (ECF No. 51). Lastly, in response to plaintiff's surreply, defendants filed a motion to strike. ECF No. 52.

For the reasons stated hereafter, defendants' motion for summary judgment should be granted.

| | |
|---|---|
| 1 | <u>MOTIONS TO STRIKE AND SURREPLY</u> |
| 2 | Plaintiff has filed a surreply brief which defendants move to strike. |
| 3 | Defendants' first motion to strike (ECF No. 46) will be denied. They contend that several |
| 4 | of the exhibits attached to plaintiff's opposition are unauthenticated, lacking in foundation and, in |
| 5 | some cases, contain inadmissible hearsay. *Id.* at 1-3. Further, the rules do not allow for a |
| 6 | surreply. However, out of an abundance of caution and, in light of plaintiff's pro se status and |
| 7 | ignorance of the law, the court has nevertheless considered these exhibits in deciding the motion |
| 8 | for summary judgment. As discussed below, they do not alter the court's conclusion that |
| 9 | summary judgment must be granted in favor of defendants. |
| 10 | Defendants' second motion to strike plaintiff's surreply (ECF No. 52) will, by contrast, be |
| 11 | granted. As defendants point out, the court denied plaintiff's request for an extension of time to |
| 12 | file a surreply and cautioned him that such a filing was not contemplated by the local rules. ECF |
| 13 | No. 48. Despite the court's admonition, plaintiff filed a surreply anyway. ECF No. 49. The |
| 14 | court will strike that filing. Additionally, it will strike plaintiff's filing entitled "Exhibits" which |
| 15 | contains approximately seventy-five pages of exhibits, including defendants' answers to |
| 16 | interrogatories and various medical records. ECF No. 51. Plaintiff offers no explanation as to |
| 17 | how each exhibit is relevant and, in any event, he was informed that his previously-filed |
| 18 | opposition would be his final word on the pending summary judgment motion. |
| 19 | <u>MOTION FOR SUMMARY JUDGMENT</u> |
| 20 | <u>Background</u> |
| 21 | Plaintiff alleges that, on October 7, 2015, he was seen by defendant Kaur, who was his |
| 22 | healthcare provider at that time. ECF No. 20 at 3. He claims that, due to his propensity for |
| 23 | seizures and falls stemming therefrom, he asked Kaur for "protective gear" to mitigate the effects |
| 24 | of those falls. *Id.* She allegedly denied this request and informed plaintiff that he would be |
| 25 | transferred to "D-yard" because staff believed he was faking his medical conditions. *Id.* |
| 26 | Plaintiff states that he was transferred to D-yard without protective gear and placed in a cell |
| 27 | where he was not under adequate medical supervision. *Id.* |
| 28 | ///// |

On an unspecified date after this transfer, plaintiff alleges that he was seen by defendant Hashemi, who purportedly told him that she believed he was using illicit drugs and that there was no reason for him to be in "high acuity housing." *Id.* He claims that Hashemi also, in conspiracy with Kaur, denied his request protective gear. *Id.*

On December 1, 2015, plaintiff claims that he was found unconscious in his cell with a "severe[ly] busted head." *Id.* at 4. He argues that the injuries sustained in the fall should be attributed to defendants' deliberately indifferent failure to provide him with the aforementioned protective gear. *Id.*

## Legal Standards

### I. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets

its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element
/////

4

of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

II. <u>Deliberate Indifference to Serious Medical Needs</u>

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that

5

need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Plaintiff must show a deliberate disregard for a known medical need. The Ninth Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058. "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Finally, a supervisory official may be held liable for deliberate indifference "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal

connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (internal quotations omitted). Section 1983 does not, however, provide for liability under a theory of *respondeat superior*. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). That is, a supervisor may not be held vicariously liable for the misconduct of his or her subordinates.

Analysis

Defendants argue that the record demonstrates that they were not deliberately indifferent to plaintiff's medical needs. Indeed, the record supports their contention. Having found as much – for the reasons stated below – the court declines to reach defendants' separate argument regarding their claimed entitlement to qualified immunity.

The following facts are not in dispute. On October 7, 2015, plaintiff had an appointment with defendant Kaur, after which she ordered his transfer to the Correctional Treatment Center (CTC). ECF No. 37-3 at 2, ¶ 5; ECF No. 40-3 at 6. The transfer occurred that same day (ECF No. 37-3 at 2, ¶ 7; ECF No. 40-3 at 8) and, the following day - on October 8, 2015, defendant Hashemi saw plaintiff to complete his Intake History and Physical Form. ECF No. 37-3 at 2, ¶ 8; ECF No. 40-3 at 8-9.

What *is* disputed is whether, at each of the foregoing appointments with Kaur and Hashemi, plaintiff requested a helmet to protect him during seizure-related falls and the defendants denied that request. Records attached to defendants' motion shed light on this disputed issue.[1] On various dates - the thirteenth and twenty-third of October and the second, seventeenth, and twenty-seventh of November – plaintiff was observed wearing a protective

---

[1] In his opposition plaintiff makes clear that his deliberate indifference claims against both defendants are premised exclusively on their alleged decision to deny him a helmet. ECF No. 40-1 at 2-4. His complaint made more ambiguous references to "protective gear." ECF No. 20 at 3-4.

7

helmet by non-party physician J. Fick. ECF No. 37-7 at 19-23. Dr. Fick also noted that plaintiff was wearing a helmet on the seventh of December – six days after the fall at issue in this case. *Id.* at 24. Thus, defendants argue, if plaintiff was not wearing a helmet when he fell on December 1, 2015, it was not because they had denied his request for a helmet in early October.

In response, plaintiff does not directly dispute whether he was, in fact, wearing a helmet on the dates in question. Instead, he claims that the entries in the medical records by Dr. Frick are falsified. The defendants' statement of undisputed fact reads as follows:

> Plaintiff was seen and documented wearing his helmet on the following dates: October 13, October 23, November 2, November 17, November 27, December 7, 2015.

ECF No. 37-3 at 3, ¶ 10. In response, plaintiff stated:

> Plaintiff deny defendant's undesputed (sic) statement of fact no. 10 for that order form that defendant made up as evidence are not the order form that has to be filled out and sent in for one to receive for physician's orders for durable medical equipment and medical supplies. [Exhibit reference omitted]. The order form Defendant Hashemi falsified is an order for medication to [the] pharmacy.

ECF No. 40-3 at 11. Thus, plaintiff declines to admit that he "was seen and documented wearing his helmet" (ECF No. 37-3 at 3, ¶ 10) on the foregoing dates, ECF No. 40-3 at 11, but his reason for declining to admit this fact refers entirely to a previous document – an order form for a helmet (ECF No. 37-7 at 17) – which plaintiff unpersuasively dismisses as "made up evidence" or a "falsification" by defendant Hashemi. ECF No. 40-3 at 11. But the order form which plaintiff invokes has no bearing on the relevant statement of undisputed fact.

Plaintiff has not explained how the order form he references speaks in any way to the question of whether Fick observed him wearing a helmet on the dates in question. He is, in effect, speaking past the relevant statement of undisputed fact and seeking to litigate an entirely separate issue. Put plainly, plaintiff has not actually denied that he had a helmet on the dates Fick claims to have seen him wearing one.

Nor has plaintiff otherwise disputed the observations recounted in Dr. Fick's records. The court, having reviewed plaintiff's oppositional documents can find only one meaningful reference to Dr. Fick. In his declaration plaintiff states:

8

> To farther (sic) show the intracorporate (sic) conspiracy, my mental health provider 'Fick' [was] with the conspiracy. For he wrote in his reports that the nurses said that I'm faking seizures, I don't want to go back to E-yard for "secondary gain" (which mean I owe a drug debt) or to avoid issues in his old EOP in E-yard.

ECF No. 40-2 at 4, ¶ 8. Interpreted generously, this contention is still not an explicit denial of Fick's recorded observations as to the helmet. At best, one might infer from plaintiff's statement a claim that, if Fick was part of an "intracorporate" conspiracy to deny plaintiff care, he might be inclined to record false observations. Plaintiff has not explicitly made this argument, but even he had, he would still fail to show a genuine issue of material fact. His burden on this motion is to present evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. He has not done so. Other than his own declaration, which fails to address directly the question of his possession of a helmet, plaintiff has not offered evidence suggesting either the actual existence of a conspiracy or Dr. Fick's involvement in it. *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) ("[A] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Accepting Dr. Fick's undisputed observations, the court finds them dispositive and sufficient to warrant a grant of summary judgment. To reiterate, plaintiff alleges that he fell in December of 2015 as a result of a seizure and sustained head injuries. ECF No. 20 at 4. He claims these head injuries would have been avoided if defendants had granted his request for a helmet in October 2015. *Id.* at 3-4. But if plaintiff was provided with a helmet prior to the fall in December – as Dr. Fick's records plainly indicate he was (on October 13, October 23, November 2, November 17, November 27 of 2015) – then his claims fail for want of causality.

It may be, even though plaintiff does not allege it, that plaintiff had a helmet on the dates Fick saw him but not on December 1, 2015 – the date of the fall at issue. Perhaps it was confiscated or lost. Again, plaintiff fails to address the question. But the court need not speculate. The fact remains that, even if this circumstance is true, plaintiff's claims necessarily fail. That is, even if defendants denied him a helmet on October seventh and eighth, he cannot claim to have been harmed by those denials if he procured a helmet by the thirteenth of that same

month *and before the fall at issue*. Plaintiff has not presented evidence upon which a reasonable fact finder could conclude at trial that he lacked a helmet at the time of his fall due to the actions alleged to have been undertaken by the defendants in this case. In *Leer v. Murphy* the Ninth Circuit recognized that:

> When plaintiffs, such as the inmates, seek to hold an individual defendant personally liable for damages, the causation inquiry between the deliberate indifference and the eighth amendment deprivation must be more refined. We must focus on whether the individual defendant was in a position to take steps to avert the [complained of incident], but failed to do so intentionally or with deliberate indifference.

844 F.2d 628, 633 (9th Cir. 1988). Here, based on Dr. Fink's uncontroverted observations, neither defendant was in a position to ameliorate the effects of plaintiff's December 1, 2015 fall.

## CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Defendants' motion to strike (ECF No. 46) is DENIED;

2. Defendants' motion to strike (ECF No. 52) is GRANTED; and

3. Plaintiff's surreply (ECF No. 49) and his exhibits (ECF No. 51) are STRICKEN from the record.

Further, it is RECOMMENDED that defendants' motion for summary judgment (ECF No. 37) be granted and the Clerk be directed to close the case and enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

10